IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| BRIAN D. SEIM | ) | NO. C09-3071-DEO |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **DEFENDANT'S SEPARATE** |
| v. | ) | **STATEMENT OF MATERIAL** |
| | ) | **FACTS IN SUPPORT OF** |
| | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| THREE EAGLES COMMUNICATIONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

The Defendant, Three Eagles Communications, Inc. (hereinafter "Defendant" or "Three Eagles") submits, pursuant to Local Rule 56.a.3, the following Separate Statement of Material facts as to which Defendant contends there is no genuine issue to be tried.

**STATEMENT OF FACTS**

1. Three Eagles hired Plaintiff Brian Seim to start in November of 2008 as an on-air morning radio personality in Fort Dodge, Iowa. (Deposition of Brian Seim ("Seim Depo.") 12:7-17, Appendix of Evidence filed in Support of Defendant's Motion for Summary Judgment ("Appx.") pg. 4.)

2. Bill Wells was the General Manager for Three Eagles. (Affidavit of Bill Wells ("Wells Affidavit"), ¶ 2, Appx. pg. 93; Affidavit of Miles Madden a/k/a Miles Riker ("Riker Affidavit"), ¶ 2, Appx. pg. 66.)

3. After Program Director Joe Zimmerman (Plaintiff's supervisor) resigned in February of 2009, Plaintiff was supervised by Duane Murley and Miles Riker, the Operations Manager. (Seim Depo. 12:25-13:21, Appx. pg. 4 – 5; Riker Affidavit, ¶ 4, Appx. pg. 66-67.)

4. Plaintiff has Graves' disease. (Seim Depo. 16:16-24, Appx. pg. 6.)

5. Plaintiff has experienced symptoms of Graves' disease, including increased weight, impaired vision, insomnia, hypertension, anxiety, narcolepsy, and difficulty standing for long periods of time. (Seim Depo. 20:1-22:22, Appx. pg. 7 - 9.)

6. Plaintiff's symptoms of Graves' disease can be alleviated with medications. (Seim Depo. 21:7-15, Appx. pg. 8.)

7. The medications taken by Plaintiff cause him to be drowsy, confused, and slur his speech in the mornings. (Seim Depo. 23:22-24:9; 24:24-25:2, Appx. pg. 10 - 12.)

8. During an interview with Joe Zimmerman, Plaintiff told Zimmerman that he had a blood disease and would occasionally need time off for treatment of his condition. (Seim Depo. 26:2-27:25, Appx. pg. 13 - 14.)

9. Plaintiff informed Duane Murley, via e-mail, that he needed occasional time off because he was "fighting a blood disease." (Seim Depo. 28:11-30:2, Exhibit 5, Appx. pg. 15 – 17, 48-49; Murley Affidavit, ¶ 9, Appx. 83.)

10. Plaintiff also told Miles Riker that he needed occasional time off because he had a blood disease. (Seim Depo. 30:17-32:13, Appx. pg. 17 - 19.)

11. Plaintiff also told Bill Wells that he needed occasional time off because he had a blood disease. (Seim Depo. 34:2-35:5, Appx. pg. 21 - 22; Wells Affidavit, ¶ 4, Appx. pg. 93.)

12. Although Plaintiff may have requested afternoon shifts, he never stated that he could not work mornings because of his medical condition. (Seim Depo. 38:13-17, Appx. pg. 24.)

13. Plaintiff could perform the essential job functions of working the morning shift. (Seim Depo. 42:2-6, Appx. pg. 25.)

14. Plaintiff requested and was given a chair to use while working. (Seim Depo. 42:15-43:21, Appx. pg. 25 - 26.)

15. Plaintiff requested and was given time off to address his medical condition. (Seim Depo. 44:13-20, Appx. pg. 27.)

16. Plaintiff expressed an interest in five different promotional positions at Three Eagles. (Seim Depo. 67:6-11, Appx. pg. 32.)

17. Plaintiff believes he was denied promotional opportunities because of his disability and perceived sexual orientation because he does not know what other reason the denials could be based on. (Seim Depo. 71:9-21, Appx. pg. 33.)

18. The Program Director position at KWMT vacated by Joe Zimmerman, which Plaintiff allegedly expressed interest in, was given to Duane Murley in February of 2009. As opposed to Plaintiff, Murley had knowledge of the Selector Software and had much more experience and history with the station than did Plaintiff. (Affidavit of Bill Wells ("Wells Affidavit"), ¶ 5, Appx. pg. 94.)

19. Brooke Bickford was hired to do mornings on KKEZ, an adult contemporary station. Conversely, Plaintiff was a morning personality on a classic country station and was not as suitable as Bickford to host an adult contemporary format. (Wells Affidavit, ¶ 6, Appx. pg. 94.)

20. The KKEZ Program Director position vacated by Lindy Kay was not filled, although Riker assumed those job duties. (Wells Affidavit, ¶ 7, Appx. pg. 94.)

21. Plaintiff did not receive the Production Director position at 99 X because there was no such open position. (Wells Affidavit, ¶ 8, Appx. Pg. 94.)

22. Plaintiff did not receive the Program Director position at K97 "Hot Country" because that position was not filled until several months after Plaintiff's resignation, in September of 2009. (Wells Affidavit, ¶ 8, Appx. pg. 94.)

23. Three Eagles management was unaware and uninterested in Plaintiff's sexual orientation. (Riker Affidavit, ¶ 10, Appx. pg. 68; Affidavit of Duane Murley ("Murley Affidavit"), ¶ 8, Appx. pg. 82-83.)

24. The only occasion in which Miles Riker and Plaintiff specifically discussed Plaintiff's sexual orientation was a conversation in which Riker said he didn't care one way or the other if Plaintiff was gay. (Seim Depo. 32:1-33:4, Appx. pg. 19 - 20.)

25. Plaintiff's sexual orientation or perceived sexual orientation was never brought up or commented upon by management other than Riker. (Seim Depo. 53:5-25, Appx. pg. 31.)

26. Plaintiff sent a complaint e-mail to Cindy Harris on May 4, 2009, and again on May 12, 2009, regarding Riker's management style. (Seim Depo. 81:19-25; 84:17-23; 91:8-15, Appx. pg. 38 – 39, 42)

27. Plaintiff also submitted a hard copy of his complaint to Bill Wells on May 4, 2009. (Seim Depo. 86:20-87:5, Appx. pg. 40 - 41.)

28. Plaintiff's complaint submitted to Wells and Harris did not allege that he had been discriminated against or harassed by Three Eagles' management on the basis of any legally protected category. (Seim Depo. 103:2-16, 104:6-10, Exhibit 11, Appx. pg. 43-44, 53-63; Wells Affidavit, ¶ 9, Appx. pg. 95.)

29. Plaintiff complained that Riker treated all employees in the same negative fashion. (Seim Depo. 104:16-22, Appx. pg. 44.)

30. Until after Plaintiff's termination, Riker was never aware of the substance of Plaintiff's complaint. (Riker Affidavit, ¶ 7, Appx. pg. 67.)

31. On May 11, 2009, Plaintiff submitted a written notice of resignation to Bill Wells, Duane Murley, Miles Riker, and Lee Wallace. (Seim Dep. 73:18-74:19, Exhibit 6, Appx. pg. 34-35, 50-52; Wells Affidavit, ¶ 10, Appx. Pg. 95.)

32. Plaintiff's resignation specified that it would be effective June 1, 2009, or as soon as Three Eagles wished. (Seim Dep. 73:18-74:19; 109:1-5, Exhibit 6, Appx. pg. 34-35, 46, 50-52.)

33. After Plaintiff announced his resignation, Miles Riker sought to fill the Plaintiff's positions. (Riker Affidavit, ¶ 8, Appx. pg. 68; Murley Affidavit, ¶ 7, Appx. pg. 82; Wells Affidavit, ¶ 10, Appx. Pg. 95.)

34. On May 19, 2009, at 12:56 p.m., Riker informed Plaintiff, via e-mail, that Plaintiff's shift on Mix 94.5 was being assumed by Jay Thomas. (Seim Depo. 104:25-105:12, Exhibit 12, Appx. pg. 44-45, 64-65; Riker Affidavit, ¶ 8, Appx. pg. 68.)

35. On May 19, 2009, at 2:34 p.m., Plaintiff sent an angry email to Riker, which accused Riker of retaliation and claimed that he (Riker) was "out of control" and that corporate should "put a leash on him." (Riker Affidavit, ¶ 9, Exhibit B, Appx. pg. 68, 77-80; Wells Affidavit, ¶ 11, Appx. pg. 95.)

36. Plaintiff's May 19, 2009, e-mail also instructed management not to contact him on his telephone, even though he was still employed by the Company. (Riker Affidavit, ¶ 9, Exhibit B, Appx. pg. 68, 77-80.)

5

37.     After receiving Plaintiff's e-mail on May 19, 2009, Three Eagles' management determined that it could not allow the Plaintiff back on the air for fear of how he might behave. (Riker Affidavit, ¶ 9, Appx. pg. 68; Wells Affidavit, ¶ 11, Appx. pg. 95)

38.     Plaintiff was told not to report to work after May 19, 2009. (Riker Affidavit, ¶ 9, Appx. pg. 68.)

Dated this 6th day of January, 2011.

          THREE EAGLES COMMUNICATIONS, INC., Plaintiff

By:     /s/ Patrick J. Barrett
Patrick J. Barrett
Cristin M. Berkhausen, IA ID# AT0009250
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
(402) 341-6000
ATTORNEYS FOR PLAINTIFF

571207