UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF IOWA

CENTRAL DIVISION

| | |
|---|---|
| BRIAN SEIM,<br><br>    Plaintiff,<br><br>vs.<br><br>THREE EAGLES COMMUNICATIONS, INC.,<br><br>    Defendant. | No. C09-3071-DEO<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF IT'S MOTION FOR SUMMARY JUDGMENT** |

COMES NOW the Plaintiff, Brian Seim, and in response to the Defendant's separate statement of material facts in support of its motion for summary judgment states:

1.    Plaintiff admits the allegations in this paragraph.

2.    Denied. Bill Wells was not the general manager when Plaintiff hired. The general manager was Tony Calumet. Seim Affidavit ¶1. App. p. 1.

3.    Denied. Joe Zimmerman was not just the program director. Joe Zimmerman was the operations manager (second in charge). The remaining allegations in this paragraph are admitted. Seim Affidavit ¶2. App. p. 1.

4.    Plaintiff admits the allegations in this paragraph.

5.    Plaintiff admits the allegations in this paragraph. Plaintiff states further that in addition to these symptoms, Plaintiff cannot only not walk for long periods of time, he is only able to stand for up to 10 minutes before his leg hurts terribly. Seim Deposition p. 23, lines 17 – 21. App. p. 9. In addition, Plaintiff does not have the use of his thyroid which was destroyed with radiation. Seim Deposition p. 21, lines 17 - 18. App. p. 9.

6. Denied. Many of the symptoms caused by Graves Disease cannot be alleviated with medications including Plaintiff's blurred vision, massive side effects from the medications such as inability to be out in the sun or heat, extreme dizziness, and confusion. Seim Affidavit ¶3. App. p. 1. In addition, Plaintiff's ability to stand beyond 10 minutes cannot be controlled with medication. Seim Affidavit ¶3. App. p. 1. Medication cannot cure or alleviate the destruction of Plaintiff's thyroid. Seim Affidavit ¶3. App. p. 1.

7. Plaintiff admits the allegations in this paragraph.

8. Plaintiff admits the allegations in this paragraph.

9. Plaintiff admits the allegations in this paragraph. Plaintiff further states that in addition to e-mail he verbally informed Duane Murley that he would need occasional time off to fight a blood disease. Seim Affidavit ¶4. App. p. 2. Seim Deposition p. 28, lines 11 – 13. App. p. 10.

10. Plaintiff admits the allegations in this paragraph.

11. Plaintiff admits the allegations in this paragraph.

12. Denied. Bill Wells, Duane Murley and Myles Riker were all informed by Plaintiff that the stronger medication he was taking was affecting his ability to work mornings. Plaintiff sent e-mails to Cindy Harris with Defendant requesting help. Plaintiff offered to move to a different city so that he could work in the afternoons. Plaintiff requested a chair to sit on because of the complications with standing at work in the mornings. Plaintiff was informed by Bill Wells that the company would order chairs for him but that did not happen. A co-worker supplied Plaintiff with a personal chair to allow Plaintiff to sit as needed during his morning shift. Seim Affidavit ¶6. App. p. 2.

13. Denied. Plaintiff was able to work the morning shift with the assistance of the accommodation of a having a chair to sit on during his program. Plaintiff repeatedly requested a later shift even if it required him to move to another city. Seim Affidavit ¶6. App. p. 2.

14. Denied. Defendant did not provide Plaintiff with a chair. Myles Riker told Plaintiff to "man up" and Plaintiff's request for a chair from TEC management was ignored. A co-worker did eventually provide Plaintiff with a chair to use. Seim Affidavit ¶6. App. p. 2.

15. Denied. Plaintiff was forced to cancel medical appointments. Plaintiff was docked pay while other employees were not docked pay for time needed to attend to matters outside of work. Plaintiff was required by Myles Riker to provide doctor's notes for his medical absences when other employees were not required to do so. Seim Affidavit ¶7. App. p. 2.

16. Plaintiff admits the allegations in this paragraph.

17. Plaintiff admits the allegations in this paragraph. Plaintiff's qualifications for the promotional positions at Defendant were superior as compared to those who were promoted. Plaintiff was qualified for every promotional opportunity. Plaintiff received e-mails from Defendant's President regarding his outstanding performance. Seim Affidavit ¶8. App. p. 2.

18. Denied. Joe Zimmerman recommended Plaintiff for the program director position based on Plaintiff's talents, experience, and expertise. Plaintiff had extensive knowledge of the selector software. Plaintiff had more experience at KWMT then Murley

especially as it related to classic country and AG formatting.  Seim Affidavit ¶9.  App. pp. 2 – 3.

19.	Denied.  Plaintiff is a veteran of radio in major markets and held double digit ratings in adult contemporary formats and on-air.  Plaintiff was more qualified than Brooke Bickford.  Brooke Bickford repeatedly asked Plaintiff for ideas to help with her show.  Plaintiff was on KKEZ as mid-day talent and was suitable for the KKEZ opening.  Plaintiff won second place in the Illinois Silver Dome Awards for the best adult contemporary DJ out of 457 contestants.  Seim Affidavit ¶10 – 12.  App. p. 3.

20.	Denied.  The position was filled by not one but two different people.  Myles Riker made disparaging comments about one of the individuals that was hired as a replacement.  Seim Affidavit ¶13.  App. p. 3.

21.	Denied.  The production director position was an opening for the entire Three Eagles Communication cluster.  There was never any opening for solely 99X.  Myles Riker made the decision to deny Plaintiff the opening to that cluster position.  Seim Affidavit ¶14.  App. p. 3.

22.	Denied.  Prior to Plaintiff's termination, Bobby Knight was hired for that job.  Both Bill Wells and Myles Riker informed Plaintiff of Bobby Knight's hiring prior to Plaintiff being terminated.  Seim Affidavit ¶15.  App. p. 3.

23.	Denied.  Myles Riker asked Plaintiff three times if he was gay.  Myles Riker inquired of Plaintiff as to whether his blood disease was AIDS.  Myles Riker pinched Plaintiff's breast and told Plaintiff that he would make some man happy one day.  Seim Affidavit ¶16.  App. p. 3.

24. Denied. On May 19th, in their final meeting, Myles Riker again asked Plaintiff if he had AIDS or something like that. Myles Riker asked Plaintiff if he was gay on three occasions, pinched Plaintiff's breast, and made gay slurs. Seim Affidavit ¶17. App. p. 3.

25. Plaintiff admits the allegations in this paragraph.

26. Plaintiff also sent Cindy Harris a complaint on May 2, 2009. Seim Affidavit ¶18. App. p. 4.

27. Denied. The complaint that Plaintiff hand delivered to Bill Wells was not the same complaint that Plaintiff e-mailed to Cindy Harris. In the complaint to Bill Wells, Plaintiff made known his deep concerns about Myles Riker and the treatment that Plaintiff was being subjected to. Seim Affidavit ¶18. App. p. 4.

28. Denied. The complaint that was hand delivered to Bill Wells did allege discrimination and harassment. Seim Affidavit ¶20. App. p. 4.

29. Denied. Plaintiff made generalized comments about Myles Riker but also made specific individual complaints about treatment that Plaintiff was experiencing. Seim Affidavit ¶18. App. p. 4.

30. Denied. On May 19, 2009, the day Plaintiff was terminated, at 1:53 p.m. Plaintiff e-mailed his complaint to Lee Wallace, Bill Wells, Duane Murley, and Myles Riker. Myles Riker terminated Plaintiff by e-mail at 1:56 p.m., just 3 minutes after receiving the e-mailed complaint from Plaintiff. In addition, at approximately 10:15 a.m. on the morning of May 19th, Myles Riker stated to Plaintiff "are you trying to fucking get me fired you arrogant prick"? and "can we work this out just between you and me"? Seim Affidavit ¶21. App. p. 4.

31. Plaintiff admits that he submitted the written notice of resignation but states

further that after talking to Duane Murley that same day he retracted his notice of resignation at Murley's request.  Seim Affidavit ¶23.  App. p. 4 – 5.

    32.    Plaintiff admits the allegations in this paragraph.  The notice of resignation was almost immediately retracted.  Seim Affidavit ¶23.  App. p. 4 – 5.

    33.    Denied for lack of information.  Plaintiff has no knowledge of any effort to fill Plaintiff's positions.  Plaintiff retracted his notice of resignation at the request of Duane Murley.  Seim Affidavit ¶23.  App. p. 4 – 5.

    34.    Plaintiff admits the allegations in this paragraph. (I need to check the time, was it 12:56 or 1:56 p.m.)

    35.    Plaintiff admits the allegations in this paragraph.

    36.    Denied.  Plaintiff admits that he sent the e-mail as alleged but denies that he was still employed with the company.  Plaintiff had been terminated by e-mail by Myles Riker.  Seim Affidavit ¶24.  App. p. 5.

    37.    Denied.  Defendant never offered any such explanation for removing Plaintiff from the air.  Seim Affidavit ¶25.  App. p. 5.

    38.    Denied.  Plaintiff was never told anything.  The only communication that Plaintiff received was the e-mail communication from Myles Riker terminating his employment.  Myles Riker had previously terminated Plaintiff in April, 2009 but Duane Murley instructed Plaintiff to ignore the termination and come to work as usual.  Seim Affidavit ¶26.  App. p. 5.

                        JOHNSON, KRAMER, GOOD, MULHOLLAND, COCHRANE, & DRISCOLL, P.L.C.

                        By: /s/ Stuart J. Cochrane
                            Stuart J. Cochrane    AT0001504
                            809 Central Ave., Suite 600
                            Fort Dodge, IA 50501
                            Telephone: (515) 573-2181
                            Facsimile: (515) 573-2548
                            E-mail: stu.cochrane@johnsonlawia.com

                        ATTORNEYS FOR PLAINTIFF

Original filed.
Copy to:

Patrick J. Barrett
Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause by serving each of the attorneys of record herein at their respective addresses disclosed in the pleadings on the 10th day of February, 2011, by:

_____ U.S. Mail     _____ Facsimile
_____ Hand-delivery  __X___ Other: ECF Filing

Signature: /s/ Stuart J. Cochrane