UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF IOWA

CENTRAL DIVISION

| | |
|---|---|
| BRIAN SEIM,<br><br>      Plaintiff,<br><br>vs.<br><br>THREE EAGLES COMMUNICATIONS,<br>INC.,<br><br>      Defendant. | No. C09-3071-DEO<br><br>**PLAINTIFF'S STATEMENT OF<br>ADDITIONAL MATERIAL FACTS IN<br>SUPPORT OF PLAINTIFF'S<br>RESISTANCE TO DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT** |

COMES NOW the Plaintiff, Brian Seim, and submits the following Additional Material Facts in Support of His Resistance to the Defendant's Motion for Summary Judgment:

1.    Plaintiff asked for a pay cut in order to move into an afternoon opening as an accommodation for his illness.  Seim Deposition p. 37, lines 1 – 4.  App. p. 11.

2.    For several months Plaintiff asked to be moved to other positions that came open that would allow him to come into work at 11:00 a.m. and work until about 7:00 or 8:00 p.m. as an accommodation.  Seim Deposition p. 37, lines 22 – 25 and p. 38, lines 1 - 2.  App. p. 11.

3.    Plaintiff was diagnosised with Graves' Disease on July 8, 2004.  See Radiology Report.  App. p. 26.

4.    Myles Riker, Duane Murley, and Bill Wells all knew that Plaintiff was asking for later shifts because of his medications and blood disease which was starting to get worse.  Seim Deposition p. 40, lines 11 – 17.  App. p. 11.

5.     When Plaintiff requested a chair as an accommodation because Plaintiff cannot stand up for any length of time, Plaintiff was told by Myles Riker to "Man up".  Duane Murley brought in his own personal chair for Plaintiff to use.  Seim Deposition p. 42, lines 22 – 25, p. 43, lines 1 - 2.  App. p. 12.

6.     Unlike previous management, Myles Riker demanded that Plaintiff bring in doctor's notes when he needed to take time off.  Seim Deposition p. 44, lines 18 – 20.  App. p. 12.

7.     On the day that Plaintiff was terminated, Myles Riker told him that he knew Plaintiff was a pansy the day he saw him.  Seim Deposition p. 48, lines 24 – 25.  App. p. 13.

8.     In addition to other comments about Plaintiff's sexual orientation, Myles Riker stated at a staff meeting with regard to the new women's bathroom that they should "send Brian to check it out".  Seim Deposition p. 50, lines 20 – 25.  App. p. 14.

9.     When Plaintiff asked Myles Riker if he could interview the first two women who were the first people to have a same sex civil union in the State of Iowa, Myles Riker responded by saying it was perverted and he hit his desk and said "I knew you were going to ask me that".  Seim Deposition p. 51, lines 13 – 25, p. 52, lines 1 - 6.  App. p. 14.

10.    Plaintiff's car was vandalized on 2 occasions with anti-gay comments.  On the first occasion the phrase "go home gay boy" was carved in snow.  Seim Deposition p. 54, lines 16 – 18. App. p. 15.  On the second occasion in mustard the words "fat boy go home, Iowans don't like gays" was spelled out.  Seim Deposition p. 57, lines 1 – 10.  App. p. 16. See Police Report.  App. pp. 24 -25.  Law Enforcement encouraged Plaintiff to approach management to try to prevent anyone further from the company from making such

statements.  When Plaintiff approached Myles Riker with that suggestion, Riker responded with "if you fucking mention this in my building, if I even hear a word of it, Brian, you're gone".  Seim Deposition p. 60, lines 21 – 23.  App. p. 16.

11.   There were 5 promotional opportunities that Plaintiff was qualified for, requested and was denied by Myles Riker.  Seim Deposition p. 67, lines 6 – 21.  App. p. 17.

12.   Plaintiff was not promoted because Myles Riker believed him to be gay and because of Plaintiff's blood disorder.  Seim Deposition p. 69, lines 1 – 11.  App. p. 18.

13.   Just six days prior to being terminated, Plaintiff received an e-mail from the president of Defendant praising his ideas, his work ethic and telling him thank you for doing great radio.  Seim Deposition p. 69, lines 18 – 25.  App. p. 18.

14.   Plaintiff withdrew his written resignation that he had e-mailed on May 11th.  The resignation was rescinded that morning with Duane Murley.  Seim Deposition p. 79, lines 1 – 13.  App. p. 19.

15.   When Duane Murley Plaintiff's written e-mail of resignation, he promised he was going to Bill Wells and guaranteed Plaintiff that Plaintiff's complaint was at Three Eagles corporate headquarters.  He told Plaintiff not to quit, that he would take care of this.  Murley asked Plaintiff to promise that he would not leave and Plaintiff said "I'm here I just want somebody to end this".  Seim Deposition p. 80, lines 8 – 11.  App. p. 19.

16.   Duane Murley guaranteed Plaintiff that Three Eagles had received Plaintiff's complaint and that he would go to Bill Wells at 2:00 about what he has witnessed from Myles Riker.  Seim Deposition p. 80, lines 12 – 17.  App. p. 19.

17.   Plaintiff met with Myles Riker on May 14, 2009 and told Plaintiff that Duane

Murley did not have the authority to make an agreement with Plaintiff.  Seim Deposition p. 80, lines 18 – 25, p. 81, lines 1 - 6.  App. pp. 19 – 20.  Myles Riker was aware of Plaintiff's complaint to corporate.  Seim Deposition p. 81, lines 14 – 16.  App. p. 20.

18.   Plaintiff filed a written complaint against Myles Riker with Cindy Harris in Defendant's corporate office.  Plaintiff also handed Bill Wells a one page written complaint about harassment by Myles Riker on May 4, 2009.  Seim Deposition p. 83, lines 23 – 25; p. 84, lines 1 – 3; p. 86, lines 20 - 23.  App. pp. 20 – 21.  Seim Affidavit ¶20.  App. p. 4.

19.   After Myles Riker terminated Plaintiff from his 10 a.m. to 2 p.m. shift, Plaintiff was informed by employee, Von Kettleson, that Riker was also replacing Plaintiff with Kettleson on the morning shift which started at 7 a.m.  Seim Deposition p. 107, lines 13 – 25; p. 108, lines 1 - 17.  App. p. 22.

20.   Plaintiff was paid through May 19, 2009, the day he was terminated.  Seim Deposition p. 109, lines 6 – 11.  App. p. 23.

JOHNSON, KRAMER, GOOD, MULHOLLAND,
COCHRANE, & DRISCOLL, P.L.C.


By  /s/ Stuart J. Cochrane
    Stuart J. Cochrane        AT0001504
    809 Central Ave., Suite 600
    Fort Dodge, IA  50501
    Telephone:  (515) 573-2181
    Facsimile:  (515) 573-2548
    E-mail: stu.cochrane@johnsonlawia.com

ATTORNEYS FOR PLAINTIFF

Original filed.
Copy to:

Patrick J. Barrett
Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause by serving each of the attorneys of record herein at their respective addresses disclosed in the pleadings on the 10th day of February, 2011, by:

_____ U.S. Mail          _____ Facsimile
_____ Hand-delivery    __X__ Other: ECF Filing

Signature: __/s/ Stuart J. Cochrane_____